**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FIFTH THIRD BANK,
an Ohio Banking Corporation,

               Plaintiff,

v.                                         CIVIL ACTION NO.  3:18-0270

REVELATION ENERGY, LLC,
a Limited Liability Company, and
REVELATION ENERGY HOLDINGS, LLC,
a Limited Liability Company,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are Defendants' Motion to Set Aside Entry of Default, ECF No. 12, and Plaintiff's Motion to Strike Defendants' Answer and Counterclaim, ECF No. 15. For reasons set forth herein, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

**I.      Background**

Plaintiff filed the present Complaint on February 6, 2018. ECF No. 1. Electronic summons was issued to Defendants on February 7, 2018. ECF No. 2. Summons was then served on Defendants on February 12, 2018. ECF Nos. 4, 5. Though Defendants' responsive pleadings were due by March 5, 2018, no answers or motions were filed on or before that deadline. Accordingly, the Clerk entered default against Defendants on March 12, 2018. ECF No. 9.

On March 16, 2018, Defendants filed both an Answer to Plaintiff's Complaint and a Counterclaim against Plaintiff. ECF No. 11. On the same day, Defendants filed the present Motion to Set Aside Entry of Default. ECF No. 12. In the Motion, Defendants argue that they have a

meritorious defense to the claims asserted against them, they responded promptly to the entry of default, and there was good cause for their failure to answer in a timely manner. ECF No. 13. Defendants also assert that, even if the Court finds the delay unwarranted, there are less drastic sanctions than default judgment available. *Id*. Defendants therefore ask this Court to vacate the entry of default. *Id*.

Plaintiff objects to the Motion, arguing that Defendants have no meritorious defenses to Plaintiff's Complaint, Defendants did not act with reasonable promptness in responding to the present Complaint, Defendants are personally responsible for the delay, there is substantial prejudice to Plaintiff as a result of the delay, and no less drastic sanction can remedy that prejudice. ECF No. 16. Accordingly, Plaintiff asks the Court to sustain the entry of default. *Id*.

## II.    Legal Standard

A defendant is required to serve a responsive pleading within 21 days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1). Failure to do so will result in the entry of default against the silent party. Fed. R. Civ. P. 55(a). After default has been entered, however, the Court may set aside the entry of default for good cause shown. Fed. R. Civ. P. 55(c). The decision as to whether to set aside the entry of default pursuant to Rule 55(c) "is a matter which lies largely within the discretion of the trial judge . . ." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

In considering a motion to set aside entry of default, the court should consider: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–205 (4th Cir. 2006).

As a general matter, Rule 55(c) "must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation and citation omitted). The Fourth Circuit has "repeatedly expressed a strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

### III. Discussion

In considering Defendants' Motion, the Court addresses each *Payne* factor in turn, noting that no one factor is dispositive in the Court's analysis. *See Colleton Prep. Acad., Inc.*, 616 F.3d at 420 (finding that the district court abused its discretion in denying motion to set aside default because it focused too heavily on one *Payne* factor).

#### a. Meritorious Defense

The first *Payne* factor, whether the moving party has presented a meritorious defense, weighs against setting aside default. To find a meritorious defense, the Court must be presented with evidence "which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

Defendants' Motion includes what appears to be a glaring typographical and substantive error in place of what otherwise presumably would have been an argument as to their meritorious defense. *See* ECF No. 13, at 3 ("In his instant Complaint, …"). Instead of asserting any kind of substantive argument as to why default should be set aside on the basis of the presence of a meritorious defense, Defendants instead make the bold and conclusory statement that

"[Defendants] believe[ ], in good faith and based upon information and belief, that [they] [have] a meritorious defense(s) to Plaintiff's claims." *Id*.

Defendants' bald assertion that they have a meritorious defense certainly does not constitute the proffer of evidence which would "permit a finding for [Defendants] . . ." Accordingly, the Court finds that this *Payne* factor weighs against setting aside the entry of default. The Court reiterates, however, that no one *Payne* factor is dispositive. *See Colleton Prep. Acad., Inc.*, 616 F.3d at 420.

### b. Reasonable Promptness

The Court next considers the premise that a defaulting party should be granted relief from the entry of default when that party "acts with reasonable diligence in seeking to set aside the default . . ." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The matter of reasonable promptness should be considered "in light of the facts and circumstances of each occasion . . ." *Id*. In this case, Defendants' responsive pleading was due on or before March 5, 2018. After no pleading was filed, the Clerk entered default on March 12, 2018. Four days later, on March 16, 2018, Defendants filed the present Motion. Four days is not an undue delay and Defendants' Motion was therefore reasonably prompt. *See Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812 (finding that there was "little doubt" as to the promptness of the defendant's motion to set aside default judgment when the defendant moved for relief within two weeks of the entry of the judgment).

### c. Personal Responsibility

The next *Payne* factor instructs the Court to consider whether the delay in responding was the fault of the party or the party's attorney. Where a party bears personal responsibility for a delay in responsive pleadings such that default is entered against it, the party "must adequately defend

its conduct in order to show excusable neglect." *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811. A party's neglect is inexcusable when that party intentionally makes itself unavailable for months during the pendency of a suit in hopes of avoiding judicial consequences, *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126 (4th Cir. 1992), or inexplicably loses the summons and complaint after service, *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir. 1987).

Defendants admit that the responsibility for their failure to file responsive pleading does not fall on a representing attorney. In this case, however, Defendants have provided a valid and reasonable explanation for their delay in filing their responsive pleading. Defendants assert that, at the time they were served with the present Complaint, they were in a period of transition in their office of general counsel. Their in-house general counsel had left the company and her replacement did not begin work until March 12, 2018 (the week after responsive pleading was due). ECF No. 13, at 1. It appears that there was no intentional avoidance of judicial consequences or egregious behavior on Defendants' part such that this neglect is inexcusable. This factor, then, weighs in favor of setting aside the entry of default.

### d. Prejudice to Nonmovant

Considerations of prejudice also weigh in Defendants' favor. Plaintiff argues that "time is of the essence in this case" and that it would be irreparably prejudiced in the event that the entry of default is vacated. ECF No. 16, at 11. The Court disagrees. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Prep. Acad., Inc.*, 616 F.3d at 418. As discussed above, Defendants' delay in filing a responsive pleading was not more than two weeks in duration. Courts within the Fourth Circuit have found far lengthier delays to be non-prejudicial. *See, e.g., Colleton Prep. Acad., Inc.*, 616 F.3d at 418–19 (noting that a three-month delay in responsive pleading, and therefore a three-month delay in the commencement of discovery, did

not prejudice the nonmovant such that the entry of default should be sustained). As such, the Court finds that Plaintiff will not be prejudiced should the Court vacate the entry of default. This factor therefore weighs in favor of Defendants.

### e. History of Dilatory Action

Next, the Court finds that Defendants have not demonstrated a history of dilatory action such that the entry of default should be sustained. The present Complaint was filed on February 6, 2018. ECF No. 1. Other than a brief delay in filing their responsive pleading, Defendants have not shown any history of dilatory action in this case. The Fourth Circuit has found no history of dilatory action even in the case of a defendant whose failure to respond continued over the time span of "a few months." *Lolatchy*, 816 F.2d at 953. Here, the failure barely spanned a few weeks and, as discussed above, was promptly addressed upon discovery. As such, the Court finds that there has been no history of dilatory action and this factor weighs in Defendants' favor.

### f. Less Drastic Sanctions

Finally, the Court considers the availability of less drastic sanctions as an alternative to the entry of default. Defendants acknowledge in the present Motion that the award of attorneys' fees and costs associated with Plaintiff's opposition to the Motion may be appropriate as a less severe sanction than default judgment. ECF No. 13, at 5. Plaintiff, however, contends that no sanction short of default judgment can make it whole. ECF No. 16, at 12. The Court notes that the lesser sanction of attorneys' fees may be appropriate in this matter. However, as Plaintiff did not request fees and costs, the Court declines to impose such a sanction at this time. The Court **DIRECTS** the parties to discuss the issue of costs and fees associated with the present motions and opposition and to come to a mutual agreement as to that remedy.

### g. Totality of Factors

While the Court finds that Defendants have provided a "glaring lack of evidence to support a meritorious defense," *Pearson*, 2013 WL 6048714, at *4, the Court also finds that the remaining *Payne* factors weigh in favor of setting aside the entry of default. Even with conflicting considerations, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Accordingly, the Court finds that there is good cause to vacate the entry of default in Defendants' favor.

## IV.     Conclusion

For the reasons set forth herein, Defendants' Motion to Set Aside Entry of Default, ECF No. 12, is **GRANTED** and Plaintiff's Motion to Strike Defendants' Answer and Counterclaim, ECF No. 15., is **DENIED as moot**. The Court **DIRECTS** the Clerk to vacate the entry of default against Defendants and additionally **DIRECTS** the parties to discuss the issue of Plaintiff's attorneys' fees for the present motions.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       April 18, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE