IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FIFTH THIRD BANK,
an Ohio Banking Corporation,

         Plaintiff,

v.              CIVIL ACTION NO. 3:18-0270

REVELATION ENERGY, LLC,
a Limited Liability Company, and
REVELATION ENERGY HOLDINGS, LLC,
a Limited Liability Company,

         Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion by Plaintiff, Fifth Third Bank, to dismiss the counterclaims of Defendants, Revelation Energy, LLC and Revelation Energy Holdings, LLC, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). ECF No. 19. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Defendants' Counterclaims.

## I. BACKGROUND

Plaintiff filed the present Complaint on February 6, 2018, alleging claims based on breach of contract. ECF No. 1. Electronic summonses were issued to Defendants on February 7, 2018 and served on February 12, 2018. ECF Nos. 2, 4–5. Though Defendants' responsive pleadings were due by March 5, 2018, no answers or motions were filed on or before the deadline. Accordingly, the Clerk entered default against Defendants on March 12, 2018. ECF No. 9. On March 16, 2018, Defendants filed an Answer to Plaintiff's Complaint, which included two counterclaims. ECF No. 11. In their counterclaims, Defendants allege causes of action under theories of fraudulent

inducement and breach of contract. *Id.* Concurrently, Defendants filed their Motion to Set Aside Entry of Default. ECF No. 12. The Court vacated the entry of default on April 18, 2018. ECF No. 17. Pursuant to Federal Rule of Civil Procedure Rule 12(a)(4), the Court set the deadline for 12(b) motions as May 9, 2018.[1] ECF No. 18. Plaintiff timely filed its Motion to Dismiss Defendants' Counterclaims on May 9, 2018. ECF No. 19.

## II. STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that

---

[1] Defendants allege Plaintiff's motion is untimely, as Plaintiff filed this motion more than 14 days after the Court's order setting aside default judgment. *Resp. Mot. Dismiss*, p. 7, ECF No. 21. The Court reads this curiously hypocritical allegation as a blatant misreading of both Rule 12(a)(4) and the Court's scheduling order.

Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

Under Federal Rule of Civil Procedure Rule 9(b), there is a heightened pleading standard where "special matters" such as fraud must be "stated with particularity." FED. R. CIV. P. RULE 9(b) "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999) (internal citations omitted). Complaints that fail to meet these heightened pleading requirements are subject to dismissal. *Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir.1990).

### III. DISCUSSION

Plaintiff argues the allegations of fraud and breach of contract contained in the counterclaims are insufficiently plead and must be dismissed. *Memo. Supp. Mot. Dismiss*, ECF No. 20. The Court addresses each counterclaim in turn.

*A. Fraudulent Inducement*

Defendants argue that during the contracting of the loan, Plaintiff represented there were systems in place for communication if repayment needed to be extended. *Answer*, p. 13, ECF No. 11. Defendants further assert Plaintiff subsequently refused to return communications when they were seeking to extend their repayment. *Id.* Plaintiff counters that these allegations have not satisfied the pleading requirements of Rule 9(b), nor can Defendants plead any of the elements required to allege fraudulent inducement. *Memo. Supp. Mot. Dismiss*, at 5.

Under West Virginia law, the essential elements in an action for fraud are: (1) the act claimed to be fraudulent was the act of the defendant or induced by him; (2) it was material and false; (3) plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) plaintiff was damaged because he relied upon it. *Cordial v. Ernst & Young,* 483 S.E.2d 248, 259 (W. Va. 1996). The burden of proving fraud is "unquestionably heavy." *Elk Ref. Co. v. Daniel,* 199 F.2d 479, 482 (4th Cir. 1952); *Tri–State Asphalt Prod., Inc. v. McDonough Co.,* 391 S.E.2d 907, 912 (W. Va. 1990)(quoting *Calhoun County Bank v. Ellison,* 54 S.E.2d 182, 193 (W. Va. 1949) ("[A]llegations of fraud, when denied by proper pleading, must be established by clear and

convincing proof.")). Furthermore, there is a fine line to be drawn between claims of fraud and breach of contract. "We must be careful to distinguish between actual fraud and artfully pleaded breach of contract claims." *White v. Nat'l Steel Corp.,* 938 F.2d 474, 490 (4th Cir. 1991).

In *Rowe*, the court addressed a plaintiff who tried to "pile a fraud action onto their breach of contract" claim. *Rowe v. Aurora Commercial Corp.*, No. CIV.A. 5:13-21369, 2014 WL 3810786, at *13 (S.D.W. Va. Aug. 1, 2014), *aff'd,* 599 F. App'x 95 (4th Cir. 2015). The Plaintiff asserted he sufficiently alleged all relevant factors by identifying: "[d]efendants Aurora . . . and Nationstar . . . (who), charged and/or attempted to charge plaintiffs interest in excess of the agreed term (what) during the course of loan servicing (how and when)." *Id.* (internal quotations and citations omitted). The court found these allegations may be sufficient to state a claim for breach of contract, but not for the heightened specificity requirements when alleging fraud.

In the instant case, Defendants have generally alleged Plaintiff (who), never intended to allow them to repay the loan and refused their communications to generate fees in excess of what they believed they would pay (what), when the parties made a contract (how and when). Defendants have not alleged what these "systems" were, who in Plaintiff's company made these representations, to which contract they are referring, nor the dates such representations occurred. Just as in *Rowe*, Defendants here fail to properly allege the time, place, and content of the alleged fraudulent misrepresentation. Absent specific factual allegations tending to show fraud on the part of Plaintiff, Defendants have not stated a claim for fraud.

Beyond failing the specificity requirement of their pleading, Defendants have muddled their breach of contract claim with a fraud claim. Akin to *Rowe*, the essence of Defendants' fraud allegation is that Plaintiff seeks to "enforce[] terms that were never agreed to by the parties—a classic breach of contract theory." *Id.* Defendants' allegations aim at Plaintiff's failure to respond

to their communications, which caused Defendants to incur fees they believe are outside of their agreement. As such, Plaintiff's motion to dismiss Defendants' fraud claim is granted.

*B. Breach of Contract*

Next, Plaintiff moves to dismiss Defendants' breach of contract counterclaim on the grounds they have failed to plead any of the requisite elements. *Memo. Supp. Mot. Dismiss*, at 9. In West Virginia, a breach of contract claim has three elements: "formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015). A plaintiff must plead facts to support each of these elements to sustain a breach of contract claim. *Moss v. Experian Info. Sols., Inc.*, No. 2:16-7502, 2017 WL 1128636, at *2 (S.D.W. Va. Mar. 24, 2017).

In their five-sentence cause of action for breach of contract, Defendants allege "the contracts" required Defendants to communicate certain events to Plaintiff, Plaintiff failed to return those communications, and this failure breached their contract. *Answer*, at 14. Defendants do not cite any contract in particular, only "the contracts". This could reference the first loan, the second loan, the amendments to the loan, the forbearance agreement, or any combination therein.

Furthermore, Defendants do not allege the requirement of communication imposed a duty on Plaintiff to respond. When pieced together and given the most favorable reading possible, Defendants claim does not allege a breach. Defendants state they had to renegotiate the terms of their loans four times because they did not believe they could make more than interest-only payments. *Resp.*, p. 2, ECF No. 21. Each time, Plaintiff responded and granted the request. *Id.* This last time, Defendants attempted to alter the terms of repayment a fifth time and Plaintiff didn't respond. *Id.* at 5. Defendants then believed they could, with no indication from Plaintiff that this was acceptable, unilaterally adjust their repayment terms. *Id.* Defendants' own characterization of

their actions do not follow their "course of dealings" as alleged. For both these reasons, Defendants fail to allege any contractual duty or action by Plaintiff that would constitute a breach. As such, Plaintiff's motion to dismiss Defendants' breach of contract claim is granted.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Dismiss Defendants' Counterclaims, ECF No. 19, is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 19, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE