IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FIFTH THIRD BANK,
an Ohio Banking Corporation,

        Plaintiff,

v.            CIVIL ACTION NO. 3:18-0270

REVELATION ENERGY, LLC,
a Limited Liability Company, and
REVELATION ENERGY HOLDINGS, LLC,
a Limited Liability Company,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are motions by Plaintiff, Fifth Third Bank ("Fifth Third") (ECF Nos. 32, 49, 56) and Defendants, Revelation Energy, LLC ("Revelation") and Revelation Energy Holdings, LLC ("REH") (ECF No. 47). For the following reasons, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, insofar as the terms of the Loan Documents and Forbearance Agreement were breached and Defendants are liable for damages, and **HOLDS IN ABEYANCE** the determination of damages (ECF No. 32), **DENIES** Defendants' Motion for Partial Summary Judgment (ECF No. 47), **HOLDS IN ABEYANCE** Plaintiff's Motion to Supplement Record on Summary Judgment (ECF No. 49) and Plaintiff's Motion to Strike Jury Trial Demand (ECF No. 56), **SUSPENDS** all calendar deadlines, and **ORDERS** Plaintiff to file a memorandum outlining relief consistent with the Complaint and include breakdowns of the calculations of monies owed under the Notes and, alternatively, the Forbearance Agreement by **May 2, 2019**. Defendants shall respond to Plaintiff's memorandum by **May 9, 2019**.

# I. BACKGROUND

On July 12, 2011, Fifth Third made an initial loan to Revelation in the principal amount of $20,000,000.00. *First Note*, ECF No. 33-1. This loan was guaranteed by REH. *First Guaranty*, ECF No. 33-2. On July 2, 2012, Fifth Third made an additional loan to Revelation in the amount of $5,200,000.00, also guaranteed by REH. *Second Note*, ECF No. 33-3; *Second Guaranty*, ECF No. 33-4. Both Notes were amended on April 22, 2013. *Amendment*, ECF No. 33-5. All documents cited in this paragraph constitute the "Loan Documents."

After the occurrence of "certain conditions constituting defaults," the parties entered into a forbearance agreement on March 31, 2017. *Forbearance Agreement*, p. 2, ECF No. 33-6. The Forbearance Agreement affirmed the duties of the parties under the Loan Documents and explicitly preserved the rights to remedy by Fifth Third for Defendants' past defaults. *Id.* at 3. The Forbearance Agreement marked the fourth time parties restructured their repayments. *Compl.*, ¶ 4, ECF No. 1; *Defs.' Resp. to Mot. Summ. J.*, p. 4, ECF No. 34. In return for Fifth Third's agreement to forbear, Defendants' stipulated they owed a total of $7,662,684.94 on the principal amount between the two loans and $243,829.80 in interest and fees as of December 31, 2016.[1] *Forbearance Agreement*, at 3. Defendants agreed this principal amount would accrue interest at four percent per annum and Revelation would make payments of $120,000.00 per month, starting at the date of signing and paying off the remaining principal, remaining interest and fees, and any accrued interest, in full, by February 1, 2018. *Id.* at 6. Subsequently, Revelation missed payments in September and October, and did not pay off its remaining balance by February 1, 2018. *Notice of Default*, ECF No. 1-12; *Answer*, ¶ 37, ECF No. 11; *Defs.' Resp. to Mot. Summ. J.*, at 4.

---

[1] This includes $5,677,789.52 outstanding principal on the first note and $1,984,895.42 on the second note, as well as accrued interest of $118,086.15 on the first note and $87,054.88 on the second note, and $38,688.77 in fees on the second note. *Forbearance Agreement*, at 3.

Plaintiff filed the Complaint on February 6, 2018, alleging claims of breach of contract under the Loan Documents (Counts One and Two) and, alternatively, under the Forbearance Agreement (Count Three). *Compl.*, at 6–7. After failing to file a timely response, the Clerk entered default against Defendants on March 12, 2018. ECF No. 9. On March 16, 2018, Defendants filed the Motion to Set Aside Entry of Default, ECF No. 12, and an Answer to Plaintiff's Complaint, which included two counterclaims. *Answer*, at 11–15. The Court vacated the entry of default on April 18, 2018. ECF No. 17. Defendants' Counterclaims were dismissed on December 19, 2018 for failure to state a claim. ECF No. 41. The Court now turns to the claims in the Complaint.

## II. STANDARD OF REVIEW

A party moving for summary judgment must show there is no genuine issue of any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this, the Court shall not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). However, the Court shall draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

# III. DISCUSSION

Plaintiff argues Defendants breached of contract under the terms of the Loan Documents and, alternatively, the Forbearance Agreement, and move for summary judgment on the matter. Defendants move for partial summary judgment on an underlying allegation of Count Three.

## A. *Choice of Law*

As a threshold matter, the Court must determine the applicable law for the Loan Documents. "When exercising diversity jurisdiction, a federal district court must apply the choice-of-law rules of the state in which it sits." *Cavcon, Inc. v. Endress ± Hauser, Inc.*, 557 F. Supp. 2d 706, 719 (S.D.W. Va. 2008) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941). Generally, West Virginia courts will uphold a choice of law provision in a contract. However, "[a] choice of law provision in a contract will not be given effect when the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or when the application of that law would offend the public policy of this state." *General Electric Company v. Keyser,* 275 S.E.2d 289, Syl. Pt. 1 (W. Va. 1981). Here, the parties do not contest the choice of law provision in either Note. As such, the First Note is interpreted under Ohio law, whereas the second note is interpreted under West Virginia law.[2] *First Note*, ¶ 18(b); *Second Note*, ¶ 7.14.

## B. *Breach*

Parties do not contest that the Forbearance Agreement was precipitated by events constituting breach under the original Notes and was preceded by three other forbearance

---

[2] Plaintiff claims only Ohio law need be applied, as the parties agreed to in the Forbearance Agreement. *Pl.'s Memo. Supp. Summ. J.*, n.1, ECF No. 33. However, Plaintiff's seeks damages under the Notes themselves, with a claim under the Forbearance Agreement alleged in the alternative. *Compl.*, ¶ 49. Accordingly, the Court uses the choice of law provisions in each Note.

agreements. *Compl.*, ¶ 4; *Defs.' Resp. to Mot. Summ. J.*, at 4. The only defense raised by Revelation and REH is that, when Revelation fell behind on its repayments once again, it assumed it could alter the terms of the note unilaterally as part of a "usual course of dealings." *Defs.' Resp. to Mot. Summ. J.*, at 5. However, this is not a cognizable defense under either Ohio or West Virginia law.

In *PNC Equip. Fin., LLC v. Mariani*, the defendant failed to remit full repayment of a loan after four forbearance agreements. No. 1:14-CV-663, 2017 WL 1102809, at *3 (S.D. Ohio 2017) (applying Ohio law). The defendant claimed this established a "pattern and practice [of extending the forbearance period] that Defendants came to rely on and expect. *Id.* at *6. The court held that this argument was not legally sufficient, because the forbearance agreement did not require further negotiation after default. Indeed, the court proclaimed "[t]here must come a time when a lender can say enough is enough." *Id.*

As with the forbearance agreement in *Mariani*, so too did Fifth Third reaffirm its right to remedy under breaches of the underlying Notes and it explicitly stated Fifth Third was under no obligation to make further advances. *Forbearance Agreement,* ¶¶ 4, 7, 25. Counsel for Defendants argues Fifth Third had a duty to respond to requests for extensions. *Defs.' Resp. to Mot. Summ. J.*, at 5. However, Defendants only cite a provision in the First Note that only requires Revelation to notify Fifth Third in the event of an event of default. *Id.* (citing *First Note*, ¶ 13(d)). The cited provision in no way obligates Fifth Third to respond to notices of default by Revelation. *See First Note*, ¶ 13(d). Defendants failed to make timely payments, which constitute breaches of both Notes. As such, Fifth Third is entitled to damages under either the Forbearance Agreement or the underlying loans. *See also Cochran v. Ollis Creek Coal Co.*, 206 S.E.2d 410, Syl. Pt. 2 (W. Va. 1974) (applying West Virginia Law) ("In the event of breach of contract grounded upon the

consideration of the promisee's forbearance . . . of a legal right . . . he may elect either to enforce the original right or sue directly on the contract.").

*C. Damages*

Fifth Third filed suit in this matter under two alternative theories. Primarily, it seeks relief under the terms of the Loan Documents. *Compl.*, at 6. In the alternative, Fifth Third seeks damages under the Forbearance Agreement. *Id.* at 7. While Fifth Third is entitled to relief under the terms of either contract, it has not been consistent as to how it wishes the Court to calculate damages.

First, within the Complaint, Fifth Third offers the same calculations for damages under the terms of the Loan Documents and the Forbearance Agreement, despite having different interest rates.[3] Furthermore, there exists a discrepancy between the principal owed at the time the Complaint was filed. The Complaint claims that, as of January 30, 2018, Defendants owed a principal of $6,942,055.54, whereas the Declaration of David R. Garcia claims Defendants owed a principal of $6,692,684.94 at that same time. *Compl.*, ¶ 44; *Garcia Decl.*, p. 2, ECF No. 33-7.

Furthermore, though the Complaint requests relief primarily under the Loan Documents, Fifth Third moves for summary judgment and requests relief by calculating at an interest rate of four percent under the Forbearance Agreement. *Pl.'s Memo. Supp. Summ. J.*, p. 9, ECF No. 33. In its most recent filing, Fifth Third now requests the Court to calculate presently accrued interest

---

[3] The competing interest rates between the claims offer their own complications, as Fifth Third does not provide clear calculations as to their application. The First Note has no fixed rate, but permits an interest rate of up to six percent in excess of the otherwise "applicable rate". *First Note*, ¶ 2(a). In its Motion to Supplement Record, Fifth Third claims the "applicable rate" is the four percent per annum offered in the Forbearance Agreement. *Mot. Supp. Record.*, ¶ 18, ECF No. 49. However, Fifth Third offers no explanation as to what the "applicable rate" was after the underlying breach, when it initially calculated the interest owed at the time of the Forbearance Agreement. Furthermore, it requests the Court to arbitrarily apply the rate of the Second Note— stated as both 7.2% and 7.17%—as the interest rate of the First Note. *Id.*, ¶ 25.

under the terms of the Loan Documents at a rate of 7.2%,[4] but asks the Court to apply this rate to the amount due as of September 2018. *Id.* ¶¶ 16, 29 (citing *Garcia Decl.*, ECF No. 33-7). This is problematic because the amount "owed" in September 2018 includes interest which accrued under the Forbearance Agreement. Essentially, Fifth Third requests the Court to allow it to recover first under the Loan Documents up until December 2016 (without disclosing the interest rate it applied), then under the Forbearance Agreement from January 2017 until September 2017 (the time of breach for the Forbearance Agreement) at a rate of four percent, and then again under the Loan Documents from September 2017,[5] onward.[6] Fifth Third must choose under which agreement it is seeking relief and make a consistent calculation of the damages that stem from the associated breach, and not present a hodgepodge calculation to the Court. Fifth Third is ordered to provide a supplemental brief, addressing these inconsistencies and presenting a mathematically precise account of the relief to which it believes it is entitled, no later than May 2, 2019.

*D. Defendants' Motion for Partial Summary Judgment*

As a final matter, Defendants move the Court to grant summary judgment in its favor on paragraphs thirty-three and thirty-four of the Complaint, as well as Count Three because it is based,

---

[4] Fifth Third, later in the same memorandum, inconsistently requests the Court apply an interest rate of 7.17%, further exhibiting the need for Plaintiff to file a cogent supplemental statement of relief requested. *Mot. Supp. Record.*, ¶ 29(ii).

[5] Fifth Third, later in the same memorandum, inconsistently requests the Court apply the interest rates in the Loan Documents, beginning in *September 2018*, further exhibiting the need for Plaintiff to file a cogent supplemental statement of relief requested. *Mot. Supp. Record.*, ¶ 29(i).

[6] Without moving the Court to do so, Fifth Third attempts to shoehorn an amendment to the Complaint as a request for prejudgment interest, in part, under W. VA. CODE § 56-6-31. *Mot. Supp. Record.*, ¶ 21. Though the Court does not rule on the Motion to Supplement Record at this time, the Court notes that, in an action founded on contract, a claimant is not entitled to the mandatory award of interest contemplated by statute on a judgment or decree, since this § 56-6-31 does not apply where the rule concerning interest is otherwise provided by law, and prejudgment interest on claims sounding in contract are governed by § 56-6-27. *Ringer v. John*, 742 S.E.2d 103 (W.Va. 2013).

in part, on those underlying assertions. *Defs.' Mot. Part. Summ. J.*, p. 1, ECF No. 47. However, Count Three of the Complaint alleges three independent actions which constitute breach of the Forbearance Agreement. *Compl.*, at 7–8. Any determination of the factual dispute in the cited paragraphs would be procedurally improper and would not resolve Count Three, nor the primary allegations of Counts One and Two. *See Forest Hills Early Learning Ctr., Inc. v. Lukhard*, 728 F.2d 230, 245 (4th Cir. 1984) (vacating a district court's grant of summary judgment on an issue because it did not finally conclude the underlying, conflicting claims of the primary parties). Accordingly, Defendants' Motion for Partial Summary Judgment is denied.

## IV. CONCLUSION

For these reasons, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, insofar as the terms of the Loan Documents and Forbearance Agreement were breached and Defendants are liable for damages, and **HOLDS IN ABEYANCE** the determination of damages (ECF No. 32), **DENIES** Defendants' Motion for Partial Summary Judgment (ECF No. 47), **HOLDS IN ABEYANCE** Plaintiff's Motion to Supplement Record on Summary Judgment (ECF No. 49) and Plaintiff's Motion to Strike Jury Trial Demand (ECF No. 56), **SUSPENDS** all calendar deadlines, and **ORDERS** Plaintiff to file a memorandum outlining relief consistent with the Complaint and include breakdowns of the calculations of monies owed under the Notes and, alternatively, the Forbearance Agreement by **May 2, 2019**. Defendants shall respond to Plaintiff's memorandum by **May 9, 2019**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 18, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE