IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FIFTH THIRD BANK,
an Ohio Banking Corporation,

           Plaintiff,

v.                                      CIVIL ACTION NO. 3:18-0270

REVELATION ENERGY, LLC,
a Limited Liability Company, and
REVELATION ENERGY HOLDINGS, LLC,
a Limited Liability Company,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the remainder of Plaintiff Fifth Third Bank's ("Fifth Third") Motion for Summary Judgment (ECF No. 32), which the Court previously granted, in part, to the extent that Defendants, Revelation Energy, LLC ("Revelation") and Revelation Energy Holdings, LLC ("REH"), are jointly and severably liable to Plaintiff for damages incurred from their breach of contract (ECF No. 59). Additionally, the Court considers Plaintiff's Motion to Supplement Record on Summary Judgment (ECF No. 49) and Plaintiff's Motion to Strike Jury Trial Demand (ECF No. 56). For the following reasons, the Court **GRANTS** the remainder of Plaintiff's Motion for Summary Judgment, (ECF No. 32), to the extent that it requests damages under the Forbearance Agreement, in the amount of $7,324,543.24, **GRANTS, in part,** Plaintiff's Motion to Supplement Record on Summary Judgment (ECF No. 49), insofar that the record is supplemented with Plaintiff's submission and that Plaintiff is entitled to prejudgment interest in the amount of $18,285.64, and **DENIES, in part and without prejudice,** the request for attorney's fees and

costs, and **DENIES, as moot,** Plaintiff's Motion to Strike Jury Trial Demand (ECF No. 56). Should Plaintiff wish to address the Court's findings on attorney's fees and costs, it may file a renewed motion **no later than May 22, 2019**, with Defendant's response due by **May 29, 2019.**

## I. BACKGROUND

The Court incorporates the "Background" section of the prior Order. ECF No. 59, pp. 2–3.

## II. STANDARD OF REVIEW

A party moving for summary judgment must show there is no genuine issue of any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court shall not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). However, the Court shall draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Plaintiff requests damages as calculated under the Forbearance Agreement and claims it is entitled to prejudgment interest, attorney's fees, and costs. *Supp. Brief on Damages*, p. 2, ECF No. 60 (amending *Mot. Summ. J.*, ECF No. 32); *Mot. Supp. Record*, ECF No. 49 (moving for prejudgment interest, attorney's fees, and costs).

*A. Choice of Law*

"When exercising diversity jurisdiction, a federal district court must apply the choice-of-law rules of the state in which it sits." *Cavcon, Inc. v. Endress ± Hauser, Inc.*, 557 F. Supp. 2d 706, 719 (S.D.W. Va. 2008) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941). Generally, West Virginia courts will uphold a choice of law provision in a contract. However, "[a] choice of law provision in a contract will not be given effect when the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or when the application of that law would offend the public policy of this state." *General Electric Company v. Keyser,* 275 S.E.2d 289, Syl. Pt. 1 (W. Va. 1981). Here, the parties do not contest the choice of law provision in the Forbearance Agreement. As such, it is interpreted under Ohio law. *Forbearance Agreement*, ¶ 37, ECF No. 33-6.

*B. Damages*

As the Court previously held, Fifth Third is entitled to damages under either the Forbearance Agreement or the underlying Loan Documents. ECF No. 59, p. 5 (citing *Cochran v. Ollis Creek Coal Co.*, 206 S.E.2d 410, Syl. Pt. 2 (W. Va. 1974)). Fifth Third requests damages under the Forbearance Agreement in the amount of $7,340,456.31. *Supp. Brief on Damages*, p. 1. Though Defendants do not contest the calculation, the Court finds Plaintiff's arithmetic fundamentally flawed. *Defs.' Response*, ECF No. 61.

To account for the amount it has requested, Plaintiff provides the sworn declaration of Mr. David Garcia, a Vice President and Special Assets Relationship Manager with Fifth Third Bank. *Garcia Declaration*, ECF No. 60-1. While Mr. Garcia properly applies an annual percentage rate of 4% to the combined principal, (*Forbearance Agreement*, ¶ 16(a)(i)), he calculates a *per diem* rate based on a parallel universe where the Earth's orbit around the Sun is a closer one than our

reality, causing a calendar year five days shorter than the one we experience. *Garcia Declaration*, ¶ 6. After incorrectly calculating this *per diem* rate, Mr. Garcia again errs by padding the number of days in each period for the applicable *per diem* rate. He does so by double counting days where a payment was made on the principal balance, using those as both the last day in each preceding period and the first day of each succeeding period. This explains why Mr. Garcia posits there are 847 days where interest accrued, when the relevant period, January 1, 2017 through April 18, 2019, only has 838 days.

Instead, the Court takes judicial notice that there are, in fact, 365 days in the three most recent calendar years. Furthermore, the Court begins each new *per diem* rate period on the date a principal payment was made.[1] In all, this equals an accrued interest of $628,028.50 under the Forbearance Agreement, plus the remaining principal of $6,452,684.94, the outstanding interest from the Loan Documents totaling $205,141.03, and the outstanding late charges from the Loan Documents of $38,688.77. *Forbearance Agreement*, ¶¶ 6, 16(iv). Thus, Defendants are jointly and severably liable for $7,324,543.24

*C. Prejudgment Interest*

Plaintiff also requests prejudgment interest to be included in the award. *Mot. Supp. Record*, p. 4. Under Ohio law, "[i]f a favorable judgment award has been obtained by plaintiff, plaintiff has a right under R.C. 1343.03(A) to an interest award as a matter of law, and the trial judge has no discretion not to grant any interest award." *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F.3d 672, 693 (6th Cir. 2000). Subsequent to this request, Plaintiff amended the request for

---

[1] The Court uses the principal balances offered by Plaintiff. *Garcia Declaration*, ¶ 6. From there, the Court uses the equation: *per diem* rate = ("Balance" x .04)/365. This is then multiplied by the number of days in the relevant period, beginning on the date of the most recent payment, up until the day before the following payment. This adjusts the "days" listed on the table provided by Plaintiff for each *per diem* period as follows: 93, 16, 13, 35, 44, 35, 82, 10, 207, 48, 255.

damages to include interest which accrued during litigation, up until April 18, 2019. *Garcia Declaration*, p. 1. As such, the Court need only account for prejudgment interest after that date to make an equitable accounting of the interest to which Plaintiff is entitled. At a daily rate of $707.14,[2] covering a period of 26 days,[3] Plaintiff is entitled to $18,285.64 in prejudgment interest.

### D. Postjudgment interest

Plaintiff also requests the award to include postjudgment interest. As Plaintiff is entitled to postjudgment interest by statute, an explicit award of such is unnecessary. *See* 28 U.S.C. § 1961(a); *see also Vazquez-Filippetti v. Cooperativa de Seguros Multiples de Puerto Rico*, 723 F.3d 24, 28 (1st Cir. 2013) ("Because postjudgment interest 'follows as a legal incident from the statute providing for it,' *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir.1984) (internal quotation marks omitted), the court has no discretion to deny it."). Plaintiff is entitled to postjudgment interest at the federal rate.[4] *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989) (holding the federal, rather than the state, interest rate applies in diversity cases).

### E. Attorney's Fees, Costs

Furthermore, Plaintiff claims it is entitled to attorney's fees and costs, as agreed in the Forbearance Agreement. *Mot. Supp. Record*, p. 6 (citing *Forbearance Agreement*, ¶ 20). As a matter of public policy, the Supreme Court of Ohio has declared that "contracts for the payment of attorney's fees upon the default of a debt obligation are void and unenforceable." *Wilborn v.*

---

[2] Per the Forbearance Agreement, the principal interest shall bear interest at a rate of four percent per annum. *Forbearance Agreement*, ¶ 16(a)(i). The principal interest from April 18, 2019, through the date of this judgment, was $6,452,684.94. *Garcia Declaration*, ¶ 6. This yields a daily interest rate of (6,452,684.94 x .04)/365 = $707.14.

[3] April 19, 2019 through May 14, 2019, counting the start and end dates.

[4] "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C.A. § 1961

*Bank One Corp.*, 906 N.E.2d 296 (Ohio 2009); *see also In re Tudor*, 342 B.R. 540, 557–58 (Bankr. S.D. Ohio 2005) (summarizing the history of Ohio's public policy on the matter).

As such, the Court denies Plaintiff's request for an award of attorney's fees and costs, but does so without prejudice. Should Plaintiff wish to present an alternative theory to collect on this request, it may file a renewed motion no later than May 22, 2019, with Defendants' response due by May 29, 2019.

*F. Motion to Strike Jury Trial Demand*

As this order resolves all issues, except for the matter of attorney's fees and costs, the Motion to Strike the Jury Trial Demand is denied as moot.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** the remainder of Plaintiff's Motion for Summary Judgment (ECF No. 32), to the extent that it requests damages under the Forbearance Agreement, in the amount of $7,324,543.24, **GRANTS, in part,** Plaintiff's Motion to Supplement Record on Summary Judgment (ECF No. 49), insofar that the record is supplemented with Plaintiff's submission and Plaintiff is entitled to prejudgment interest in the amount of $18,285.64, and **DENIES, in part and without prejudice,** the request for attorney's fees and costs, and **DENIES, as moot,** Plaintiff's Motion to Strike Jury Trial Demand (ECF No. 56). Should Plaintiff wish to address the Court's findings on attorney's fees and costs, it may file a renewed motion **no later than May 22, 2019**, with Defendant's response due by **May 29, 2019.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 14, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE