# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

FIFTH THIRD BANK,
an Ohio Banking Corporation,

          Plaintiff,

v.                          CIVIL ACTION NO. 3:18-0270

REVELATION ENERGY, LLC,
a Limited Liability Company, and
REVELATION ENERGY HOLDINGS, LLC,
a Limited Liability Company,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Fifth Third Bank's Renewed Motion for Attorneys' Fees. ECF No. 65. For the foregoing reasons, the Court **GRANTS** the motion and **ORDERS** Plaintiff to submit its calculation of attorneys' fees and costs **no later than June 20, 2019.** Defendants may file a response **no later than June 27, 2019**. Once the Court has determined the amount of fees and costs recoverable, an amended judgment order shall be filed.

## I. BACKGROUND

As more fully set out in the Court's April 18, 2019 Memorandum Opinion and Order, (ECF No. 59), the present matter arises from multiple defaults by Defendants on two loans and a subsequent forbearance agreement.[1] *Apr. 18, 2019 Memo. Op. & Order*, at 2–3, ECF No. 59. In return for Plaintiff's agreement to forbear its rights under the Loan Documents, Defendants

---

[1] In actuality, Defendants defaulted on a total of four agreements restructuring their loans, but the Complaint only sought relief under the final Forbearance Agreement and underlying Loan Documents. *Compl.*, ¶ 4, ECF No. 1; *Defs.' Resp. Mot. Summ. J.*, p. 4, ECF No. 34

stipulated to owing a principal amount of $7,662,684.94, agreed to a new repayment plan to include accruing interest, and consented to bear the costs and attorneys' fees reasonably required to enforce the Forbearance Agreement. *Forbearance Agreement*, at 2–3, 8, ECF No. 33-6. This agreement selected Ohio law as governing. *Id.* at 12.

On April 18, 2019, this Court granted summary judgment in favor of Plaintiff, finding no legal excuse for Defendants continued defaults. Plaintiff was permitted to calculate the outstanding principal and accrued interest under either the Forbearance Agreement or the underlying Loan Documents. *Apr. 18, 2019 Mem. Op. & Order*, at 1. In relevant part, the Court found Plaintiff was under no obligation to negotiate further repayment terms after Defendants' most recent default. *Id.* at 5. Ultimately, Plaintiff sought relief under the Forbearance Agreement. *Pl.'s Supp. Brief*, at 1, ECF No. 60. Plaintiff now moves for attorneys' fees.[2] *Renewed Mot. Att'y Fees*, ECF No. 65.

## II. LEGAL STANDARD

Under the "American Rule," parties generally bear their own costs in litigation. In contract actions, Ohio court's allow for exceptions to this rule when "(1) a statute creates the duty to pay fees, (2) the losing party acted in bad faith, or (3) the parties contract to shift fees." *The Scotts Co. v. Cent. Garden & Pet Co.*, 256 F. Supp. 2d 734, 748 (S.D. Ohio 2003) (citing *McConnell v. Hunt Sports Enterprises,* 725 N.E.2d 1193 (Ohio Ct. App. 1999)). However, "contracts for the payment of attorney fees upon default of a debt obligation are void and unenforceable" as a matter of public policy. *Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 401 (Ohio 2009). The primary concern is that borrowers in contracts of adhesion have unequal bargaining power, and thus no meaningful choice as to their terms. *Id.*

---

[2] This motion is renewed from Plaintiff's original Motion for Summary Judgment, (ECF No. 32), as it was initially denied without prejudice so as to allow parties an opportunity to more fully address the issue of Ohio's public policy as it pertains to fee-shifting agreements in contracts.

In spite of this public policy concern, the Ohio legislature has provided statutory carveouts for the enforcement of attorneys' fees in certain contracts of indebtedness. When a commitment to pay such fees arises in connection with the enforcement of any written evidence of indebtedness—other than for personal, family, or household purposes—those fee-shifting clauses can be exempted from the general policy-based prohibition. OHIO REV. CODE ANN. § 1319.02. To qualify under this statute, the contract in question must be judicially enforced, in excess of $100,000.00, and only obligate a reasonable amount of fees. *Id.*

### III. DISCUSSION

Plaintiff contends the public policy concerns are not invoked in the instant case, proposing the Ohio Supreme Court's holding in *Wilborn v. Bank One Corporation* illustrates this. *Renewed Mot. Att'y Fees*, at 2 (citing 906 N.E.2d 396, 401 (Ohio 2009)). Alternatively, Plaintiff claims the statutory exception under Ohio Revised Code § 1319.02 applies. *Id.* at 3. Since the latter statement is certainly true,[3] the Court analyzes the instant case—with relative ease—under this statute.

---

[3] The Court makes no finding as to whether or not Ohio's public policy-based prohibition on the inclusion of fee-shifting provisions applies to forbearance agreements. By definition, forbearance agreements appear to be "written evidence of indebtedness." § 1319.02(A)(1).

However, Plaintiff draws appropriate attention to the Ohio Supreme Court's rationale in *Wilborn*. There the court held a fee-shifting clause in a home equity agreement was enforceable where a mortgage reinstatement provision created no obligation to pay attorneys' fees until the borrower exercised that right to reinstatement under the mortgage. *Wilborn*, 906 N.E.2d at 402. Part of the court's rationale was that defaulting parties are not entitled by law to reinstate mortgages, and the borrowers received an important concession when the lender forgoed its right to foreclose. *Id.* As such, public policy concerns were not raised in that case. *Id.*

Similar to *Wilborn*, Plaintiff in this case forbore on its rights under the Loan Documents. However, the issue of uneven bargaining power is not assuaged by this one analogous fact. Also crucial to the *Wilborn* court's rationale was that the terms of the contract itself did not directly require payment of fees. *Id.* It was a mechanism within the mortgage which allowed the borrower to optionally reinstate and assume such costs. Here, Defendants' actions are not quite akin to reinstatement, but invoke a sense of negotiating a new contract of adhesion. The fee-shifting clause here was built directly into the terms of the Forbearance Agreement. This agreement included substantively new terms, such as a revised calculation of interest. The threat of acceleration of an underlying loan may very well raise the concern of uneven bargaining positions in negotiations.

The Forbearance Agreement enshrined a commercial debt in excess of $100,000.00 and permitted the recovery of attorneys' fees in any action brought to enforce this agreement. *Forbearance Agreement*, at 3, 8. Defendants counter that Plaintiff's suit was not "reasonably required," as mandated by the Forbearance Agreement, because Plaintiff "simply refused to work with [Defendants]." *Defs.' Resp.*, at 2, ECF No. 66. However, as this Court has explained prior, Plaintiff was under no obligation extend repayment terms *ad infinitum*. Plaintiff received a judgment in its favor, (ECF No. 63), and is thus entitled to attorney's fees. All that is left is to determine a reasonable amount of fees.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Renewed Motion for Attorneys' Fees, (ECF No. 65), and **ORDERS** Plaintiff to submit its calculation of attorneys' fees and costs **no later than June 20, 2019.** Defendants may file a response **no later than June 27, 2019**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 6, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE